UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LADDY BUTLER** | **CASE NO. 6:24-CV-00007** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ST. BLANC III** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REVISED REPORT AND RECOMMENDATION

The Court previously issued a Report and Recommendation recommending that Plaintiff's *pro se* claims against Louisiana state representative Vincent St. Blanc, III be dismissed for lack of subject matter jurisdiction. (Rec. Doc. 4). Prior to the original Report and Recommendation, the Court had ordered Plaintiff to amend the complaint to specifically allege facts supporting that this Court has subject matter jurisdiction; however, Plaintiff failed to comply with the order, and the Court recommended dismissal. Nevertheless, after the Court's Report and Recommendation recommending dismissal, Plaintiff filed an amended complaint. (Rec. Doc. 5). Thus, in the interests of justice and the lenient standards afforded to *pro se* litigants, the Court withdraws the original Report and Recommendation (Rec. Doc. 4) and issues this revised Report and Recommendation to address Plaintiff's amended complaint pursuant to 28 U.S.C. §1915(e)(2)(B).

I.      **Standards Applicable to *pro se* and *in forma pauperis* Litigants**

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed, but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Furthermore, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Plaintiff filed a motion for *in forma pauperis* status along with her complaint. An indigent person may bring an *in forma pauperis* action in federal court without

paying costs. 28 U.S.C. § Section 1915(a)(1). District courts screen such complaints and may dismiss them at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A dismissal "at any time" includes dismissal at the initiation of the action, before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This "discourage[s] the filing of, and waste of judicial and private resources upon, baseless lawsuits" and "spare[s] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324; 327 (1989). A court must not dismiss a complaint simply because the facts presented by the plaintiff appear unlikely. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint must allege a set of facts sufficient "to state a claim. . . that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. at 32 (citing *Neitzke v. Williams*, 490 U.S. at 327).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th

Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff, and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

## II. <u>Whether the Amended Complaint States a Claim</u>

Plaintiff alleges that in August 2023, during a senate campaign event, St. Blanc "put his finger on Plaintiff and made threats to her[,] … called [her] names and screamed insulting statements to her." (Rec. Doc. 5). The amended complaint states it "is an action brought under 18 U.S.C. §242 and the laws of the State of Louisiana," while asserting jurisdiction under 42 U.S.C. §§1983 and 1988. (Rec. Doc. 5, p. 1). As in the original complaint, Plaintiff alleges St. Blanc is liable for "1) Fiduciary Breach of Trust; 2) Threat to Citizens; and 3) Verbal Assault by a State Official."

18 U.S.C. §242 is a criminal statute which does not provide for a private civil cause of action. Thus, the Court construes Plaintiff's claims as brought pursuant to 42 U.S.C. §1983. In order to state a claim for relief under §1983, the plaintiff must allege facts showing that the defendant "under color of law" violated the plaintiff's constitutional rights. The Fifth Circuit explained this basic prerequisite:

> To state a claim under § 1983, a plaintiff must allege facts showing that a person, acting under color of state law, deprived the

4

plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States. A person acts "under color of state law" if he engages in the misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. However, a state officer does not act "under color of state law" if he pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal aim.

*Bryant v. Mil. Dep't of Mississippi*, 597 F.3d 678, 686 (5th Cir. 2010) (cleaned up). See also *id* citing *Delcambre v. Delcambre,* 635 F.2d 407, 408 (5th Cir.1981) (finding dismissal of a § 1983 claim proper where an altercation arose of out of a personal family and political dispute and the police officer did not use or threaten to use any state authority during the altercation).

Plaintiff seeks damages for St. Blanc's alleged verbal threats and assaults, neither of which is consistent with conduct "under color of law." Even considering Plaintiff's allegations as true, the amended complaint does not show that St. Blanc acted in an official capacity or upon any official authority. Rather, Plaintiff's claims are in effect state law tort claims over which the Court has no jurisdiction. Accordingly, the Court recommends that Plaintiff's purported §§1983 and 1988[1] claims be DISMISSED WITH PREJUDICE and that her state law claims be DISMISSED WITHOUT PREJUDICE.

---

[1] A §1988 claim is predicated on a viable §1983 claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of February, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE